**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DIANE SELF; DAVID SELF; DILLON
SELF,

      Plaintiffs - Appellants,

v.

TRAVELERS INDEMNITY COMPANY;
STANDARD FIRE INSURANCE
COMPANY,

      Defendants - Appellees.

No. 15-6213
(D.C. No. 5:15-CV-00351-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

      The plaintiffs, Diane, David, and Dillon Self, filed this action in state court against Travelers Indemnity Company (Travelers) and Standard Fire Insurance Company (SFIC), alleging that the defendants had wrongfully cancelled their automobile insurance policy and wrongfully denied them benefits for an accident covered under the policy. The defendants removed the action to federal court.

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court denied plaintiffs' motion for partial summary judgment and, upon the parties' stipulation that the reasoning in its order was dispositive of all of plaintiffs' claims, entered summary judgment in favor of the defendants. The plaintiffs filed a timely appeal. We affirm.

## BACKGROUND

**1. The Policy**

In May 2014, plaintiff Diane Self purchased a vehicle for her step-son, Dillon Self. On May 5, 2014, defendant Standard Fire Insurance Company (SFIC) issued a policy (the Policy) covering the vehicle for a six-month term beginning May 5, 2014, and ending November 5, 2014.[1]

Although not required by the Policy language, SFIC generally contacts its insureds after issuance of a policy to conduct a "welcome interview" to verify certain policy information for underwriting purposes. In this case, no welcome interview was ever completed.

---

[1] In its answer and discovery responses, defendant Travelers Indemnity Company (Travelers) denied that it had issued the policy or that it had any liability to the plaintiffs. Plaintiffs moved for partial summary judgment against SFIC alone, expressly reserving their claims against Travelers pending additional discovery. Later, in a pleading filed jointly by the parties, Travelers was identified as an "alleged claims administrator," Aplt. App., Vol. II at 156, that allegedly "assumed sufficient risk and control of the benefit determinations made under the subject auto insurance policy . . . to be held liable for breach of contract and bad faith," *id.* at 157. The district court did not expressly resolve Travelers' role in this case. But any remaining disputed issues of fact concerning Travelers' precise role here do not affect the narrow legal issue on appeal, the resolution of which is dispositive of plaintiffs' breach of contract and bad faith claims against both SFIC and Travelers.

2

On June 25, 2014, SFIC sent a "NOTICE OF CANCELLATION" to Diane Self. Aplt. App., Vol. 2 at 69. The notice identified the effective date of cancellation as July 10, 2014. It stated:

> We wish to inform you that your Auto policy designated above is canceled in accordance with its terms effective on the date indicated above, and at the hour on which the policy became effective. Any premium adjustment required by the policy will be made.

> As part of our new business process we verify policy information through customer interviews. As you have not responded to our requests for an interview, your policy will be cancelled on the date shown above. If you contact us prior to the cancellation effective date . . . and you are still eligible based on the information provided during the interview, your policy will be reinstated.

*Id.* (all caps style omitted). It is undisputed that the Policy was not reinstated prior to the effective date of cancellation.[2]

The Policy terms specified the circumstances and procedures under which SFIC could cancel the Policy:

> 2.    We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
>
>    a.    At least 10 [days'] notice:
>
>       (1) If cancellation is for nonpayment of premium; or
>
>       (2) If notice is mailed during the first 60 days this policy is in effect . . . ; or

---

[2] On July 8, 2014, two days before the effective date of cancellation, plaintiffs made a monthly premium payment of $133.54, an amount sufficient to keep the policy in force until August 5, 2014. SFIC refunded $104.10 of this premium to plaintiffs on July 21, 2014, keeping $29.44, the amount of premium due through July 10, 2014. The Policy provides that if it is cancelled, "you may be entitled to a premium refund" but that "making or offering to make the refund is not a condition of cancellation." Aplt. App., Vol. 2 at 35.

b.     At least 20 [days'] notice in all other cases.

3.     After this policy is in effect for 60 days . . . we will cancel only:

a.     For nonpayment of premium; or

b.     If your driver's license or that of [certain other related drivers] has been suspended or revoked.

. . .

c.     For fraud, misrepresentation or concealment:

(1) By you with respect to a material fact relating to the issuance of this policy or any renewal or continuation; or

(2) By you or any "resident relative" in making or settling a claim under this policy.

*Id.* at 34.

It is undisputed that SFIC did not cancel the Policy for any of the reasons listed in paragraph 3, which were the only reasons permitted for cancellation after the Policy had been in effect for 60 days. The Policy further provided that "[t]he effective date of cancellation stated in the notice [of cancellation] will become the end of the policy period." *Id.* at 35.

## 2. The Accident

On July 29, 2014, while driving the insured vehicle, Dillon Self was involved in a collision. Plaintiffs submitted a claim relating to the collision to SFIC. SFIC denied the claim because the Policy had been cancelled effective July 10, 2014, and had not been reinstated. This suit followed.

4

### 3.  The District Court's Ruling

The plaintiffs moved for partial summary judgment against SFIC on their breach-of-contract claim.  The district court concluded that the Policy was unambiguous and that, based on its terms, SFIC's notice of cancellation was mailed within the 60-day period and therefore was effective to cancel the Policy.  It therefore denied plaintiffs' motion.

The district court directed the parties to advise the court what claims or issues remained for resolution.  The parties agreed that the district court's conclusion—that the cancellation of plaintiffs' coverage was, as a matter of law, effective and consistent with the Policy's terms—was dispositive of all of plaintiffs' claims against the defendants.  Accordingly, the district court granted summary judgment to the defendants on all of plaintiffs' claims.

## DISCUSSION

### 1.  Standard of Review

We review the district court's ruling granting summary judgment de novo, applying the same legal standards as the district court.  *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1225 (10th Cir. 2016).  "Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.* (internal quotation marks omitted).

The district court exercised diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  In a diversity case, "we apply the substantive law of the forum

5

state," *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850 (10th Cir. 2015) (internal quotation marks omitted), which in this case is Oklahoma. "In addition, we review the district court's interpretation and determination of state law de novo." *Id.* (internal quotation marks omitted).

## 2. Issue on Appeal

The plaintiffs aptly state the issue on appeal as follows:

> [T]he dispositive question in this coverage dispute is *when did SFIC "cancel" the Policy*? Did SFIC cancel the Policy on June 25, 2014 (day 51), when it mailed the Notice of Cancellation? If so, the cancellation occurred during the first 60 days [that the Policy was in effect] and was, therefore, timely and valid. Or, did SFIC "cancel" the Policy on July 10, 2014 (day 66) when the Policy ultimately became ineffective? If so, the cancellation occurred after 60 days and was, therefore, untimely and invalid [because the Policy did not permit cancellation after the 60th day except for specific reasons that did not apply here].

Aplt. Opening Br. at 11.

## 3. Governing Legal Principles

Under Oklahoma law, "[t]he interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law." *Serra v. Estate of Broughton*, 364 P.3d 637, 641 (Okla. 2015). "When addressing a dispute concerning the language of an insurance policy, [the] Court must first determine as a matter of law whether the policy language is ambiguous." *Broom v. Wilson Paving & Excavating, Inc.*, 356 P.3d 617, 628 (Okla. 2015). "Insurance contracts are ambiguous only if they are susceptible to two constructions." *Id.* (internal quotation marks omitted). In interpreting a policy, a reviewing court should "accept the contract language in its plain, ordinary, and popular sense" rather than adopting a

6

"forced or constrained interpretation[] to create and then to construe ambiguities in insurance contracts."  *Id.* (internal quotation marks omitted).

## 4.  Application of Policy Provisions

The district court concluded that the Policy's terms concerning cancellation were unambiguous.  We agree.  Paragraph 2 of the Policy's cancellation provisions set out the procedure SFIC was required to follow to cancel the Policy.  These provisions permit SFIC to cancel "*by mailing to the named insured . . .* [a]t least 10 [days'] notice . . . [i]f *notice is mailed* during the first 60 days this policy is in effect. . . ."  Aplt. App., Vol. 2 at 34 (emphasis added).  All of these requirements were met here.  SFIC's notice of June 25, 2014, was mailed to the named insured,[3] provided at least ten days' notice prior to the effective date of cancellation, and was mailed during the first 60 days that the Policy was in effect.

The plaintiffs argue, however, that because the cancellation notice contained an effective date of cancellation that fell later than 60 days after the Policy was initiated, this triggered the language in paragraph 3, providing that after the policy was "*in effect for 60 days*" SFIC could cancel only for certain, specified reasons.  *Id.* (emphasis added).  The problem with plaintiffs' argument is that under the plain language of paragraph 2, cancellation was accomplished "by mailing . . . notice," and the Policy could be cancelled for any reason provided such *notice* was "mailed during

---

[3] Plaintiffs claim that the notice was mailed to Dillon Self's former address, which was the address listed on the Policy's declarations page, rather than to Diane Self's mailing address.  But they concede that their alleged non-receipt of the notice is not relevant to the legal issues on appeal.  *See* Aplt. Opening Br. at 8 n.2.

the first 60 days." There is no indication in the Policy language that cancellation is tied instead to the effective date specified in the notice.[4]

The only reasonable and harmonious interpretation of the cancellation provisions, taking both paragraphs 2 and 3 in their plain and ordinary sense, is that SFIC could cancel the policy for any reason within the first 60 days by mailing notice at least ten days before the effective date of cancellation. After the policy had been in effect for 60 days, SFIC could cancel the Policy by mailing the required notice, but only for the reasons stated in paragraph 3(a)-(c). Here, SFIC mailed the notice during the first 60 days, thereby cancelling the Policy. Paragraph 3 did not apply because the policy had not been in effect for 60 days at the time SFIC mailed the notice.

Plaintiffs argue that to "cancel" a policy means "to render [it] ineffective." Aplt. Opening Br. at 16. They contend that the Policy remained "effective" until July 10, 2014, and therefore could not have been "cancelled" until that date. This argument confuses the act of cancellation with its effective date. Under the

[4] Plaintiffs complain that in their answer and other district court pleadings defendants initially stipulated that they "cancelled" the policy on July 10, 2014, and only later argued that they actually cancelled the policy on June 25, 2014. *See* Aplt. Opening Br. at 4, 10-11; Reply Br. at 1 n.2. Plaintiffs mention this alleged change in position only in passing, and do not attempt to construct an argument that defendants are judicially estopped from arguing that the cancellation became effective on July 10, 2014. We decline to consider plaintiffs' undeveloped argument, which in any event does not affect the legal principles used in our construction of the Policy. *See Rocky Mountain Christian Church v. Bd. of County Comm'rs*, 613 F.3d 1229, 1239 (10th Cir. 2010) (appellate arguments made in cursory or undeveloped fashion are waived). And the facts are undisputed that SFIC mailed the notice on June 25, 2014, within the 60 day period identified by the Policy. The legal effect of that notice is a question of law for the court.

unambiguous Policy terms, cancellation occurs upon mailing notice, not upon the effective date specified in the notice.

Plaintiffs contend this reading of the Policy is unfair to the insured because it permits the insurer to "cancel the Policy for any reason whatsoever in the distant future—even on the 200th day—just by mailing a notice before [the] 60th day. . . ." Aplt. Reply Br. at 7. First, the Policy language requires "at least" 10 days' notice, which permits some flexibility where the effective cancellation date is concerned. Second, SFIC did not unreasonably delay the effective cancellation date in this case, which was only 15 days after the notice was mailed and thus became effective only five days later than the end of the required 10-day notice period.

In any event, plaintiffs fail to demonstrate that SFIC had any incentive to unreasonably extend the cancellation's effective date. Delaying a cancellation's effective date extends the time during which an automotive insurance company is subject to liability for claims. Where the insurer has cancelled the policy, it has no incentive to extend the notice period during which such claims can still be filed. Indeed, the insurer's contrary motivation—to end coverage immediately—has prompted the imposition of strict advance notice requirements to provide insureds with a reasonable time after cancellation to obtain replacement coverage. *See, e.g.*, *Equity Ins. Co. v. Jenks*, 184 P.3d 541, 544 (Okla. 2008) ("[T]he purpose of providing strict time limits for advance notice as a prerequisite to cancellation of an automobile insurance policy is to protect the insured against unintended termination of coverage caused by the inadvertent delay of a premium payment and to make the

9

insured aware that the policy is being terminated so that the insured has time to obtain other insurance prior to termination of the existing policy."). As a result, we are not convinced that an interpretation of the Policy permitting an effective date substantially beyond the cancellation notice is either likely or problematic. And once the insured receives notice of cancellation, nothing prevents him from procuring alternative coverage, canceling the prior policy, and receiving a premium refund before the stated effective date.[5]

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[5] Plaintiffs insist that they had no actual notice of the cancellation until after the accident occurred, but they acknowledge that actual notice is not an issue in this appeal. *See* Aplt. Opening Br. at 8 n.2; 9 n.3,4; 10 n.5.